NORTHRUP *against* CROSS and GRIFFITH.

*Equitable mortgage ; parties in equity.*

BILL in equity, filed in August, 1847, to establish plaintiff's lien upon part of a lot of land held by defendants under a contract of purchase, and to restrain them from transferring the contract.

On the 9th of April, 1845, one Crandall, holding a contract for the sale to him by Goold Hoyt, of 248 acres of land in Cattaraugus county, made an assignment to the plaintiff of the contract to the extent of 100 acres of the land, as a mortgage, to secure the payment of $893.70, *within three years from that date.* The assignment was indorsed on the contract.

In March, 1846, Crandall assigned his interest in the contract to the defendant Cross, who, in August, 1846, surrendered the contract, and received a new contract in his own name for the purchase of the whole 248 acres, from Henry R. Remsen, in whom the title then was, for $553.83 (the amount due on the Crandall contract), payable $96.64 immediately, and the residue in six annual instalments thereafter.

In April, 1847, Cross sold and assigned his interest to Griffith. Cross and Griffith, at the times of their purchases, and Remsen, at the time of the surrender of the Crandall contract, and the execution of the contract to Cross, had notice of the plaintiff's rights. Cross and Griffith, under the contract from Remsen, claimed to hold the whole 248 acres discharged of the plaintiff's claim.

A decree was made at special term, in August, 1848, in favor of the plaintiff, declaring his rights, and directing an assignment by the defendants to him of their interest under the contract in the 100 acres on which he had a lien, unless they should pay him the amount of his debt within thirty days, which decree was reversed by the general term, and the bill dismissed.

On appeal from the last mentioned decree, this court held that the plaintiff had an equitable interest, as mortgagee, in the 100 acres, and that he might properly file a bill *before the debt became due*, to protect his interest and prevent any transfer to a *bona fide* purchaser.

That it was proper for him to ask such relief as might become proper by lapse of time, before any decree could be made.

That in making a decree after the debt became due, in order to avoid the necessity of another suit, it was right to provide for the satisfaction of the debt.

But that Remsen was a necessary party, and no final decree could be made in the present condition of the suit. As this objection was not taken in the answer,

the cause should have been directed to stand over, with leave to the plaintiff to make Remsen a party; and the decrees made at the general and special terms were therefore reversed, and the cause remitted, with directions to that effect.